UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

MARIE AMANIERA,

       Plaintiff,

v.

WAL-MART STORES EAST, LP,
a Foreign Limited Partnership, and
WAL-MART ASSOCIATES, INC.,
A Foreign Corporation,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff, MARIE AMANIERA ("Ms. Amaniera" or "Plaintiff") files this Complaint against Defendants, WAL-MART STORES EAST, LP and WAL-MART ASSOCIATES, INC., (collectively "Walmart" and/or "Defendants"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendants back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND PARTIES

2.      This Court has original jurisdiction over Plaintiff's ADA and FMLA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and this Court also has supplemental jurisdiction over Plaintiff's FCRA, as they arise out of the same operative facts and circumstances as her ADA and FMLA claims.

3.      At all times relevant hereto, Plaintiff was an employee of Defendants.

4.      Plaintiff worked for Defendants in Palm Beach County, Florida, and this venue is therefore proper.

5.      Defendant WAL-MART STORES EAST, LP is a foreign limited partnership, and Defendant WAL-MART ASSOCIATES, INC. is a foreign profit corporation, both located and doing business in Palm Beach County, Florida, and are therefore within the jurisdiction of the Court.

6.      Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendants by the FCRA and ADA because:

        a.      Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendants; and

        b.      Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

7.      Defendants were at all times "employer[s]" as envisioned by the ADA as well as the FCRA.

8.      At all times relevant hereto, Defendants were employers covered by the FMLA, because they engaged in commerce or in an industry affecting commerce that employed 50 or more

employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.      At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## CONDITIONS PRECEDENT

10.      On or around May 15, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendants.

11.      More than 180 days have passed since the filing of the Charge of Discrimination.

12.      On February 11, 2021, the EEOC issued a determination finding "reasonable cause."

13.      On August 17, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendants, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

14.      Plaintiff timely files this action within the applicable period of limitations against Defendants.

15.      All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16.      Ms. Amaniera worked for Walmart, most recently as a Customer Service Manager, from May 4, 2005, until her wrongful termination on November 21, 2019.

17.     In the summer of 2019, Ms. Amaniera experienced severe pain, immobility, and loss of range of motion due to a disabling serious health condition, osteoarthritis, in her knee.

18.     Ms. Amaniera therefore applied for, and was eventually granted, a period of continuous unpaid leave pursuant to the FMLA in order to treat and address her serious health condition via surgery and rehabilitation.

19.     Ms. Amaniera's leave stretched from August 11, 2019, until November 10, 2019.

20.     Prior to her going on leave in August of 2019, Walmart cynically and inappropriately applied attendance points toward Ms. Amaniera's attendance record for days she was sent home early due to Defendants' being over its hourly budget.

21.     Additionally, Walmart applied attendance points toward Ms. Amaniera's attendance record for days she requested to leave early due to pain associated with her disabling serious health condition.

22.     Upon her return to work, Ms. Amaniera's disability and rehabilitation from her surgery still restricted her movement and ability to tackle various physical challenges.

23.     Ms. Amaniera therefore provided her Walmart Store Manager, Jessica Peterson, a note from her treating physician stating that she was able to return to work subject to certain restrictions such as being able to sit every few hours for a brief period of time.

24.     Ms. Amaniera attempted to engage Ms. Peterson in a conversation about this and other potential reasonable accommodations, but Ms. Peterson merely took the form from Ms. Amaniera and dismissed her.

25.     Defendants failed to engage with Ms. Amaniera in the "interactive process" to ascertain whether there would be nonburdensome reasonable accommodations available.

26.     Instead, on November 21, 2019, Defendants terminated Ms. Amaniera's employment citing to her accumulated attendance points as justification for its extreme adverse employment action.

27.     Walmart interfered with, and ultimately retaliated against, Ms. Amaniera because she suffered a serious health condition and because she availed herself to a period of unpaid FMLA leave, or what should have been FMLA leave, in order to treat and address same.

28.     Walmart's adverse employment action recounted herein was taken in interference with, and retaliation for, Ms. Amaniera disclosing her serious health condition, and utilizing FMLA leave to treat and address same.

29.     Defendants did not have a legitimate, non-retaliatory reason, for its actions.

30.     In reality, Defendants' termination of Ms. Amaniera stemmed from its discriminatory animus toward her very recent request for accommodation under the ADA and FCRA, and her recent use of protected FMLA leave.

31.     Such a discriminatory, and retaliatory termination is exactly the type of adverse employment action that the ADA, FCRA, and FMLA, were intended to prevent.

32.     The timing of Plaintiff's termination makes the causal connection between her request for reasonable accommodation under the ADA and FCRA, her objections regarding disability discrimination, her engaging in protected activity under the FMLA, and her termination sufficiently clear.

33.     Any reason provided by Defendants for its actions is a pretext for discrimination.

34.     Defendants' conduct constitutes intentional interference and retaliation under the FMLA.

35.     The timing of Plaintiff's use of protected FMLA leave, or what should have been FMLA leave, and Defendants' termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendants.

36.     Defendants purposefully and intentionally interfered with and retaliated against Plaintiff for her engaging in protected activity under the FMLA.

37.     The person to whom Plaintiff voiced her objections to Defendants' discrimination was a decision-maker in terms of retaliating against Plaintiff by terminating her employment.

38.     The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

39.     Defendants were aware of Plaintiff's ADA/FCRA-protected disability and need for reasonable accommodation.

40.     An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

41.     Ms. Amaniera is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Customer Service Manager.

42.     By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

43.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

44.     Defendants, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for requesting reasonable accommodation, and for objecting to disability discrimination.

45.     In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendants discriminated against Ms. Amaniera based solely upon her disability.

46.     At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

47.     Pleading in the alternative, Defendants perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

48.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendants as if it did.

49.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendants' attitude toward the impairment.

50.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendants as having a disability as recognized by the ADA/FCRA.

51.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendants, during her employment.  Therefore, she is protected class member as envisioned by the ADA and the FCRA.

52.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

53.     Defendants did not have a good faith basis for its actions.

54.     As a result of Defendants' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

55.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

56.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 26, 30 through 33, and 37 through 55, above.

57.     The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

58.     The discrimination to which Plaintiff was subjected was based on her disabilities and/or "perceived disabilities."

59.     The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60.     Plaintiff has suffered damages as a result of Defendants' illegal conduct toward her.

61.     The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter it, and others, from such conduct in the future.

62.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>COUNT II</u>
<u>DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT</u>
<u>BASED ON DISABILITY</u>

63.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 26, 30 through 33, and 37 through 55, above.

64.     The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

65.     The discrimination to which Plaintiff was subjected was based on her disabilities/handicaps, or "perceived disabilities."

66.     The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67.     The conduct of Defendants was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter it, and others, from such conduct in the future.

68.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

69.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT III**
**RETALIATION UNDER THE ADA BASED ON DISABILITY**

70.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 26, 30 through 33, and 37 through 55, above.

71.      Plaintiff was terminated within close temporal proximity of her objections to Defendants that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

72.     Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

73.     Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

74.     Plaintiff's protected activity, and her termination, are causally related.

75.     Defendants' stated reasons for Plaintiff's termination are a pretext.

76.     The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77.     The conduct of Defendants was so willful and wanton, and in such reckless

disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter it and others from such conduct in the future.

78.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

79.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

<u>**COUNT IV**</u>
<u>**RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**</u>
<u>**BASED ON DISABILITY**</u>

80.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 10 through 26, 30 through 33, and 37 through 55, above.

81.     Plaintiff was terminated within close temporal proximity of her objections to Defendants that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

82.     Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

83.     Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

84.     Plaintiff's protected activity, and her termination, are causally related.

85.     Defendants' stated reasons for Plaintiff's termination are a pretext.

86.     The conduct of Defendants and their agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

87.     The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter it and others from such conduct in the future.

88.     Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

89.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendants for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

<u>**COUNT V**</u>
<u>**INTERFERENCE UNDER THE FMLA**</u>

90.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 16 through 24, 26 through 37, and 53 through 55, above.

91.     At all times relevant hereto, Plaintiff was protected by the FMLA.

92.     At all times relevant hereto, Defendants interfered with Plaintiff by failing to restore Ms. Amaniera to the same or substantially similar position she was in prior to using FMLA leave.

93.     Defendants denied Plaintiff FMLA benefits she was otherwise entitled to.

94.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

95.     As a result of Defendants' willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

96.     As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT VI
### RETALIATION UNDER THE FMLA

97.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8, 9, 16 through 24, 26 through 37, and 53 through 55, above.

98.     At all times relevant hereto, Plaintiff was protected by the FMLA.

99.     At all times relevant hereto, Defendants retaliated against Plaintiff by firing her for her use or attempted use of FMLA-protected leave, and for objecting to retaliation.

100.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

101.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendants acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

102.    As a result of Defendants' intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

103.    As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 8th day of November, 2021.

Respectfully Submitted,

By: /s/ Noah Storch
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com